**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY KRUG,** | : | |
| **Plaintiff** | : | |
| | : | **No. 4:18-CV-1669** |
| **v.** | : | |
| | : | **Judge Wilson** |
| **BLOOMSBURG UNIVERSITY,** | : | |
| **PENNSYLVANIA STATE SYSTEM** | : | **Electronically Filed Document** |
| **OF HIGHER EDUCATION,** | : | |
| **BASHAR HANNA** *and* **JAMES** | : | *Complaint Filed 08/22/18* |
| **KRAUSE,** | : | |
| | : | |
| **Defendants** | : | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendants, Bloomsburg University, PASSHE, Hanna, and Krause, submit the below points for charge. Although not included herein, it is anticipated that the Court will also provide basic instructions generally given in all civil cases, such as instructions on evidence and credibility.

### Title IX

Plaintiff, Dr. Krug, claims Defendants Bloomsburg University and PASSHE retaliated against plaintiff because plaintiff engaged in conduct protected by Title IX of the Education Amendments Act of 1972.

In order to prevail on this claim, Dr. Krug must show all the following:

First: Dr. Krug engaged in conduct protected by Title IX of the Education Amendments Act of 1972;

Second: Dr. Krug was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

Third: Defendants Bloomsburg University and PASSHE took an adverse action against Dr. Krug because of plaintiff's protected conduct.

Retaliation against an individual for complaining of sex discrimination is prohibited under Title IX.

*[Source 3C Fed. Jury Prac. & Instr. § 177:24 (6th ed.)]*

## Damages

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Bloomsburg University or PASSHE should be held liable.

*[Source:  Third Circuit Model Civil Jury Instruction 5.4.1]*

If you find Bloomsburg University or PASSHE retaliated against Dr. Krug for engaging in protected activity, then you must determine an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proves were caused by Bloomsburg University and/or PASSHE's allegedly wrongful conduct.

*[Source:  3C Fed. Jury Prac. & Instr. § 177:70 (6th ed.), 3C Fed. Jury Prac. & Instr. § 177:70 (6th ed.)]*

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

*[Source:  Third Circuit Model Jury Instructions 5.4.1]*

## Nominal Damages

If you find in favor of Dr. Krug but you find plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

*[Source:   3C Fed. Jury Prac. & Instr. § 177:73 (6th ed.), 3C Fed. Jury Prac. & Instr. § 177:73 (6th ed.)]*

## § 1983 – General

Dr. Krug must prove both of the following elements by a preponderance of the evidence:

First:  Defendants Hanna and/or Krause acted under color of state law.

Second: While acting under color of state law, Defendants Hanna and/or Krause deprived Dr. Krug of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Dr. Krug must prove to establish the violation of his federal constitutional rights.

*[Source:  Third Circuit Model Jury Instructions 4.3]*

Because Defendants Hanna and Krause were officials of the Commonwealth of Pennsylvania at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of Dr. Krug's claim is not in dispute, and you must find that this element has been established.

*[Source:  Third Circuit Model Jury Instructions 4.4.1]*

I have already instructed you on the first element of Dr. Krug's claim, which requires him to prove that Defendants Hanna and/or Krause acted under color of state law.  The second element of Dr. Krug's claim is that Defendants Hanna and/or Krause deprived him of a federal constitutional right.

*[Source:  Third Circuit Model Jury Instructions 4.5]*

## Retaliation

The First Amendment to the United States Constitution gives persons a right to freedom of speech and to petition the Government for a redress of grievances.  Government employees have a limited right to engage in free speech on matters of public importance, and government employers must not retaliate against their employees for exercising this right.  In this case Dr. Krug claims that he assisted another individual in bringing a complaint then complaining of retaliation for that act, and that Defendants retaliated against Dr. Krug by terminating his employment.

It is my duty to instruct you on whether Dr. Krug engaged in activity that was protected by the First Amendment. In this case, I instruct you that the following activity was protected by the First Amendment:

Assisting another individual in making a complaint, and raising a complaint of retaliation. In the rest of this instruction, I will refer to these events as "Dr. Krug's protected activity."

In order for Dr. Krug to recover on this claim against Defendants, Dr. Krug must prove both of the following by a preponderance of the evidence:

First: Defendants terminated Dr. Krug's employment; and

Second: Dr. Krug's protected activity was a motivating factor in Defendants' decision.

In showing that Dr. Krug's protected activity was a motivating factor for Defendants' action, Dr. Krug is not required to prove that his protected activity was the sole motivation or even the primary motivation for Defendants' decision. Dr. Krug need only prove that his protected activity played a motivating part in Defendants' decision even though other factors may also have motivated Defendants. Dr. Krug could make this showing in a number of ways. The timing of events can be relevant, for example if Defendants' action followed very shortly after Defendants became aware of Krug's protected activity. However, a more extended passage of time does not necessarily rule out a finding that Dr, Krug's

protected activity was a motivating factor. For instance, you may also consider any antagonism shown toward Dr. Krug or any change in demeanor toward him.

However, Defendants argue that they would have made the same decision to terminate Dr. Krug whether or not he had engaged in the protected activity. If Defendants prove by a preponderance of the evidence that they would have treated Dr. Krug the same even if his protected activity had played no role in the employment decision, then your verdict must be for Defendants on this claim. *[Source: Third Circuit Model Instruction 7.4]*

## Conspiracy

A conspiracy is an agreement between two or more people to do something illegal.

To find a conspiracy in this case, you must find that Dr. Krug has proved both of the following by a preponderance of the evidence:

First: Defendants Hanna and Krause agreed in some manner to do an act that deprived Dr. Krug of his rights under the First Amendment, and/or his due process rights.

Second: Defendants Hanna and Krause engaged in at least one act in furtherance of the conspiracy.

As I mentioned, the first thing that Dr. Krug must show in order to prove a conspiracy is that Defendants Hanna and Krause agreed in some manner to do an

act that deprived Dr. Krug of his rights under the First Amendment, and/or his due process rights.

Mere similarity of conduct among various persons, or the fact that they may have associated with each other, or may have discussed some common aims or interests, is not necessarily proof of a conspiracy. To prove a conspiracy, Dr. Krug must show that members of the conspiracy came to a mutual understanding to do the act that violated Dr. Krug's rights. The agreement can be either express or implied. Dr. Krug can prove the agreement by presenting testimony from a witness who heard Defendants Hanna and Krause discussing the agreement; but Dr. Krug can also prove the agreement without such testimony, by presenting evidence of circumstances from which the agreement can be inferred. In other words, if you infer from the sequence of events that it is more likely than not that Defendants Hanna and Krause agreed to do an act that deprived Dr. Krug of his constitutional rights, then Dr. Krug has proved the existence of the agreement.

In order to find an agreement, you must find that there was a jointly accepted plan, and Defendants Hanna and Krause knew the plan's essential nature and general scope. A person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some purpose of the conspiracy, does not thereby become a conspirator. However, you need not find that Defendants Hanna and

Krause knew the exact details of the plan.  One may become a member of a conspiracy without full knowledge of all the details of the conspiracy.

The second thing that Dr. Krug must show in order to prove a conspiracy is that Defendants Hanna and Krause engaged in at least one act in furtherance of the conspiracy.  In other words, Dr. Krug must prove that Defendants Hanna and Krause took at least one action to further the goal of the conspiracy.

*[Source:  Third Circuit Model Jury Instructions 4.4.3, excerpts explaining elements of conspiracy]*

Dr. Krug has alleged conspiracy in relation to his First Amendment Retaliation claims, as explained earlier, and also in relation to his rights under the Fourteenth Amendment.  Dr. Krug alleges that the defendants deprived the plaintiff of his rights under the Fourteenth Amendment to the Constitution when the hearing he received prior to his termination was pretextual, and also when his reputation was damaged by his termination.

*[Source:  Ninth Circuit Model Jury Instructions 9.33B, excerpt explaining due process]*

## Damages - § 1983

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendants Hanna and/or Krause should be held liable.

If you find Defendants Hanna and/or Krause liable, then you must consider the issue of compensatory damages.  You must award Dr. Krug an amount that will fairly compensate him for any injury he actually sustained as a result of Defendants Hanna and/or Krause's conduct.

Dr. Krug must show that the injury would not have occurred without Defendants Hanna and/or Krause's act. Dr. Krug must also show that Defendants Hanna and/or Krause's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendants Hanna and/or Krause's act.  There can be more than one cause of an injury.  To find that Defendants Hanna and/or Krause's act caused Dr. Krug's injury, you need not find that Defendants Hanna and/or Krause's act was the nearest cause, either in time or space. However, if Dr. Krug's injury was caused by a later, independent event that intervened between Defendants Hanna and/or Krause's act and Dr. Krug's injury, Defendants Hanna and/or Krause is not liable unless the injury was reasonably foreseeable by Defendants Hanna and/or Krause.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Dr. Krug claims the following items of damages:

- Emotional and mental harm to Dr. Krug during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Dr. Krug is reasonably certain to experience in the future.

Each plaintiff has a duty under the law to "mitigate" his or her damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant.  It is the Defendants' burden to prove that Dr. Krug has failed to mitigate.  So if the Defendants persuade you by a preponderance of the evidence that Dr. Krug failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Dr. Krug's damages by the amount that could have been reasonably obtained if he had  taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

*[Source:  Third Circuit Model Jury Instructions 4.8.1]*

## Nominal Damages

If you return a verdict for Dr. Krug, but he has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*[Source: Third Circuit Model Jury Instructions 4.8.2]*

### Punitive Damages

In addition to compensatory or nominal damages, you may consider awarding Dr. Krug punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that Defendants Hanna and/or Krause acted maliciously or wantonly in violating Dr. Krug's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.

• A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal

rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

• A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that Defendants Hanna and/or Krause acted maliciously or wantonly in violating Dr. Krug's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found Defendant Hanna and/or Krause acted maliciously or wantonly in violating Dr.Krug's federal rights.

If you have found that Defendants Hanna and/or Krause acted maliciously or wantonly in violating Dr. Krug's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to

deter the defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish Defendants Hanna and/or Krause.  You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendants Hanna and/or Krause from again performing any wrongful acts he or they may have performed.  Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Defendants Hanna and/or Krause may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants Hanna and/or Krause should be punished for his or their wrongful conduct toward Dr. Krug, and the degree to which an award of one sum or another will deter Defendants Hanna and/or Krause or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action.  For example, you are entitled to consider whether the defendant acted in a deliberately deceptive manner, and whether the defendant engaged in repeated misconduct, or a single act.  You

should also consider the amount of harm actually caused by the defendant's act and the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish Defendants Hanna and/or Krause, you should only punish Defendants Hanna and/or Krause for harming Dr. Krug, and not for harming people other than Dr. Krug. As I have mentioned, in considering whether to punish Defendants Hanna and/or Krause, you should consider the nature of his or their conduct – in other words, how blameworthy that conduct was. In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy. But if you consider evidence of harm Defendants Hanna and/or Krause caused to people other than Dr. Krug, you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward Dr. Krug was. Do not punish Defendants Hanna and/or Krause for harming people other than Dr. Krug.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Defendants

Hanna and/or Krause, you may consider the financial resources of Defendants Hanna and/or Krause in fixing the amount of such damages.

*[Source: Third Circuit Model Jury Instructions 4.8.3]*

## Title VII

## Title VII Introductory Instruction

In this case, Dr. Krug makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex (including sexual orientation or transgender status), or national origin.

More specifically, Dr. Krug claims that he was terminated in retaliation for assisting in filing a protected complaint, and then for complaining about retaliation.

The Defendants deny that Dr. Krug was retaliated against, in any way. Further, the Defendants assert that Dr. Krug's termination was lawful based on violation of his employer's policies and federal law.

I will now instruct you more fully on the issues you must address in this case.

*[Source: Third Circuit Model Instruction 5.0]*

## Elements of a Title VII Claim – Retaliation

Dr. Krug claims that the Defendants retaliated against him because of Dr. Krug's assisting another individual in filing of a complaint, and then again when he complained of retaliation.

To prevail on this claim, Dr. Krug must prove all of the following by a preponderance of the evidence:

First: Dr. Krug engaged in protected conduct by assisting another individual in filing a complaint, and then complaining of retaliation.

Second: Dr. Krug was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: There was a causal connection between Dr. Krug's termination and the protected activity.

Concerning the first element, Dr. Krug need not prove the merits of his complaint with which he assisted, but only that he was acting under a reasonable, good faith belief that the complaint in which he assisted was warranted.

Concerning the second element, the term "materially adverse" means that Dr. Krug must show his termination was serious enough that it well might have discouraged a reasonable worker from assisting others in filing complaints, or complaining of retaliation.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a

sufficient connection through timing—that is, Defendants' actions followed shortly after they became aware of Dr. Krug's alleged protected activity. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Dr. Krug or a change in demeanor toward Dr. Krug.

Ultimately, you must decide whether Dr. Krug's alleged protected activity had a determinative effect on his termination. "Determinative effect" means that if not for Dr. Krug's assisting another in filing of a complaint, his termination would not have occurred.

*[Source: Third Circuit Model Instruction 5.1.7]*

### Title VII – Damages – Compensatory Damages

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Bloomsburg University and/or PASSHE should be held liable.

If you find by a preponderance of the evidence that the Defendants intentionally discriminated against Dr. Krug by terminating him in violation of Title VII, then you must consider the issue of compensatory damages.  You must award Dr. Krug an amount that will fairly compensate him for any injury he actually sustained as a result of the Defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of

compensatory damages is meant to put Dr. Krug in the position he would have occupied if the discrimination had not occurred. Dr. Krug has the burden of proving damages by a preponderance of the evidence.

Dr. Krug must show that the injury would not have occurred without the Defendants' act. Dr. Krug must also show that the Defendants' act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendants' act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether the Defendants' actions were motivated by discrimination. In other words, even assuming that the Defendants' actions were motivated by discrimination, Dr. Krug is not entitled to damages for an injury unless the Defendants' discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that the Defendants' act caused Dr. Krug's injury, you need not find that the Defendants' act was the nearest cause, either in time or space. However, if Dr. Krug's injury was caused by a later, independent event that intervened between the Defendants' act and Dr. Krug's injury, the Defendants are not liable unless the injury was reasonably foreseeable by the Defendants.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Dr. Krug experienced as a consequence of his termination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Dr. Krug would have earned, either in the past or in the future, if he had continued in employment with the Bloomsburg University or Commonwealth University. These elements of recovery of wages that Dr. Krug would have received from Bloomsburg University or Commonwealth University are called "back pay" and "front pay". Under the applicable law, the determination of "back pay" and "front pay" is for the Court.

You may award damages for monetary losses that Dr. Krug may suffer in the future as a result of his termination.

As I instructed you previously, Dr. Krug has the burden of proving damages by a preponderance of the evidence. But the law does not require that Dr. Krug prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Dr. Krug has a duty under the law to "mitigate" his damages—that means that Dr. Krug must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Defendants.  It is the Defendants' burden to prove that Dr. Krug has failed to mitigate.  So if the Defendants persuade you by a preponderance of the evidence that Dr. Krug failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Dr. Krug's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the Court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

*[Source: Third Circuit Model Instruction 5.4.1]*

## Title VII – Damages – Nominal Damages

If you return a verdict for Dr. Krug, but Dr. Krug has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*[Source: Third Circuit Model Instruction 5.4.5]*

## Pennsylvania

## Retaliation

The Pennsylvania Constitution gives persons a right to freedom of speech and to petition the Government for a redress of grievances. Government employees have a limited right to engage in free speech on matters of public importance, and government employers must not retaliate against their employees for exercising this right. In this case Dr. Krug claims that he assisted another individual in bringing a complaint then complaining of retaliation for that act, and that Defendants retaliated against Dr. Krug by terminating his employment.

It is my duty to instruct you on whether Dr. Krug engaged in activity that was protected by the First Amendment. In this case, I instruct you that the following activity was protected by the First Amendment:

Assisting another individual in making a complaint, and raising a complaint of retaliation. In the rest of this instruction, I will refer to these events as "Dr. Krug's protected activity."

In order for Dr. Krug to recover on this claim against Defendants, Dr. Krug must prove both of the following by a preponderance of the evidence:

First: Defendants terminated Dr. Krug's employment; and

Second: Dr. Krug's protected activity was a motivating factor in Defendants' decision.

In showing that Dr. Krug's protected activity was a motivating factor for Defendants' action, Dr. Krug is not required to prove that his protected activity was the sole motivation or even the primary motivation for Defendants' decision. Dr. Krug need only prove that his protected activity played a motivating part in Defendants' decision even though other factors may also have motivated Defendants. Dr. Krug could make this showing in a number of ways. The timing of events can be relevant, for example if Defendants' action followed very shortly after Defendants became aware of Krug's protected activity. However, a more extended passage of time does not necessarily rule out a finding that Dr, Krug's

protected activity was a motivating factor.  For instance, you may also consider any antagonism shown toward Dr. Krug or any change in demeanor toward him.

However, Defendants argue that they would have made the same decision to terminate Dr. Krug whether or not he had engaged in the protected activity.  If Defendants prove by a preponderance of the evidence that they would have treated Dr. Krug the same even if his protected activity had played no role in the employment decision, then your verdict must be for Defendants on this claim. *[Source:  Third Circuit Model Instruction 7.4]*

### Whistleblower

Dr. Krug also brings a claim pursuant to Pennsylvania's whistleblower act.

An employer may not terminate an employee for reporting, in good faith, wrongdoing or waste to the employer or an appropriate authority.  The employee's report of wrongdoing or waste may be oral or written.

If you find that Dr. Krug's good-faith reporting, or intention to report, verbally or in writing, an instance of wrongdoing or waste to the employer or an appropriate authority prior to the employer's adverse employment action or reprisal was a factual cause for his termination, Dr. Krug has established a violation of the law.

A claim under the Whistleblower Law requires an employee to present evidence that they made a good-faith report of wrongdoing prior to the adverse

employment action and some evidence of a connection between the report and the

adverse employment action. Once the employee meets this burden, the employer

must present evidence that its reasons for taking the adverse actions are: "separate,'

'legitimate,' and 'non-pretextual,' that is, not merely a pretext for exacting

retribution.  The employer must establish that the adverse employment action

would have been taken at the same time, even if the "whistleblowing" had not

occurred.

*[Source:  Pennsylvania Suggested Standard Jury Instructions 21.150]*

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

By:   *s/ Jonathan M. Blake*

**JONATHAN M. BLAKE**
**Senior Deputy Attorney General**
**Attorney ID 307030**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**jblake@attorneygeneral.gov**

**Date:  July 26, 2024**

**Counsel for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KRUG,** | : | |
| **Plaintiff** | : | |
| | : | **No. 4:18-CV-1669** |
| **v.** | : | |
| | : | **Judge Wilson** |
| **BLOOMSBURG UNIVERSITY,** | : | |
| **PENNSYLVANIA STATE SYSTEM** | : | **Electronically Filed Document** |
| **OF HIGHER EDUCATION,** | : | |
| **BASHAR HANNA** *and* **JAMES** | : | *Complaint Filed 08/22/18* |
| **KRAUSE,** | : | |
| | : | |
| **Defendants** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan M. Blake, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that

on July 26, 2024, I caused to be served a true and correct copy of the foregoing

document titled Defendants' Proposed Jury Instructions to the following:

**<u>VIA ELECTRONIC FILING</u>**

**Barry H. Dyller, Esquire**         **Patrick T. O'Connell, Esquire**
**Dyller & Solomon, LLC**             **Law Office**
**88 North Franklin Street**           **24 West Main Street**
**Gettysburg House**                    **Bloomsburg, PA  17815**
**Wilkes Barre, PA  18701**          **pat@oconnell-law.com**
**barry.dyller@dyllerlawfirm.com**   *Counsel for Plaintiff*
*Counsel for Plaintiff*

                         * s/ Jonathan M. Blake       *
                         **JONATHAN M. BLAKE**
                         Senior Deputy Attorney General