## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KRUG,** | : | |
| **Plaintiff** | : | |
| | : | **No. 4:18-CV-1669** |
| **v.** | : | |
| | : | **Judge Wilson** |
| **BLOOMSBURG UNIVERSITY,** | : | |
| **PENNSYLVANIA STATE** | : | **Electronically Filed Document** |
| **SYSTEM OF HIGHER** | : | |
| **EDUCATION, BASHAR HANNA** | : | *Complaint Filed 08/22/18* |
| *and* **JAMES KRAUSE,** | : | |
| | : | |
| **Defendants** | : | |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DECLARE BLOOMSBURG UNIVERSITY POLICY 4789 UNCONSTITUTIONAL

AND NOW, come Bloomsburg University, Pennsylvania State System of Higher Education, Bashar Hanna, and James Krause (collectively, "Defendants"), by and through their undersigned counsel, file this supplemental brief in opposition to Plaintiff's Motion to Declare Bloomsburg University Policy 4789 Unconstitutional, in addition to the arguments laid out in the August 5, 2014 filing, Defendants argue that: (1) Bloomsburg University Policy 4789 is the least restrictive means to ensure protecting privacy rights; and (2) Defendants are entitled to qualified immunity.

I.   **Bloomsburg University Policy 4789 provides the least restrictive means among available, effective alternatives for protecting the privacy of student employees who report sexual harassment claims.**

Plaintiff incorrectly relies on *Doe v. Schorn* to argue that Bloomsburg University Police 4789 is unconstitutional—that case is clearly distinctive from this litigation. In *Doe,* the penalty for disclosing confidential information was criminal prosecution. Doe v. Schorn, No. CV 23-3252-KSM, 2024 WL 128210 (E.D. Pa. Jan. 10, 2024).

Confidentiality requirement in Pennsylvania's Educator Discipline Act was content-based restriction on speech subject to strict scrutiny, for purposes of § 1983 claim by complainant who had submitted educator misconduct complaint about public school employee for pre-enforcement challenge to Act as violation First Amendment right to free speech as applied to complainant; Act prohibited all complainants from disclosing fact that complaint was filed and differentiates between disclosure of complaints that involved discipline and those that did not, and if complainant wished to criticize Department of Education for refusing to impose discipline in connection with misconduct complaint, he could not do so if disclosure was authorized by Professional Standards and Practices Commission. Doe v. Schorn, No. CV 23-3252-KSM, 2024 WL 128210 (E.D. Pa. Jan. 10, 2024)

Under First Amendment, a law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus toward the ideas contained in the regulated speech. *Id*. To survive strict scrutiny analysis under First Amendment, statute must: (1) serve compelling governmental interest; (2) be narrowly tailored to achieve that interest; and (3) be least restrictive means of advancing that interest. *Id*. The Eastern District ruled that County district attorney failed to show that criminal sanctions for violation of confidentiality requirement in Pennsylvania's Educator Discipline Act represented least restrictive means among available, effective alternatives for protecting privacy of educators and students involved in administrative complaint process, and thus Act did not survive strict scrutiny as against First Amendment as-applied free speech challenge by complainant, who had submitted educator misconduct complaint about public school employee; civil sanctions represented at least one alternative to prosecution, and district attorney offered little more than assertion and conjecture to support his claim that objectives of law would be seriously undermined without criminal sanctions. In addition to failing to show that the Act is narrowly tailored, the District Attorney has not shown that criminal sanctions represent the "the least restrictive means among available, effective alternatives" for protecting the privacy of educators and students. *Schrader*, 74 F.4th at 127 (quoting *Ashcroft v. ACLU*, 542 U.S. 656, 666,

124 S.Ct. 2783, 159 L.Ed.2d 690 (2004)). The Third Circuit in *Schrader*, analyzing a similar statute, found civil penalties represented at least one available alternative to criminal prosecution. *See id.* (finding a law that authorized criminal sanctions following disclosure of documents was not narrowly tailored because "civil penalties" represented an "available, effective alternative[ ] to prosecuting Schrader"). And as in that case, here, the District Attorney "has offered little more than assertion and conjecture to support his claim that without criminal sanctions the objectives of the Law would be seriously undermined." *Id.* (quotation marks omitted); *cf. Cooper*, 403 F.3d at 1218 ("Supreme Court precedent has confirmed that interests in privacy are insufficient to support criminal sanctions for the publication of lawfully obtained information." (collecting cases)). Doe v. Schorn, No. CV 23-3252-KSM, 2024 WL 128210, at *21 (E.D. Pa. Jan. 10, 2024).

Clearly, a pre-disciplinary conference and termination for violation of Bloomsburg University Policy 4789 is the least restrictive mean and is not the equivalent of a criminal prosecution. The pre-disciplinary conference is an effective solution following disclosure of confidential information. The interests in privacy are sufficient to support non-criminal sanctions for publication of such private and confidential information.

## II.    Defendants are entitled to qualified immunity pertaining to following Bloomsburg University Policy 4789.

Determinations regarding qualified immunity, and its application in a given case, require a court to undertake two distinct inquiries. First, the court must evaluate whether the defendant violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201–02 (2001), abrogated in part by Pearson, 555 U.S. 223; Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007); Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006). If the defendant did not actually commit a constitutional violation, then the court must find in the defendant's favor. Saucier, 533 U.S. at 201. If the defendant is found to have committed a constitutional violation, the court must undertake a second, related inquiry to assess whether the constitutional right in question was "clearly established" at the time the defendant acted. Pearson, 555 U.S. at 232; Saucier, 533 U.S. at 201–02. The Supreme Court has instructed that a right is clearly established for purposes of qualified immunity if a reasonable state actor under the circumstances would understand that his conduct violates that right. Williams, 455 F.3d at 191 (citing Saucier, 533 U.S. at 202). Yelland v. Abington Heights Sch. Dist., No. CV 3:16-2080, 2018 WL 3217643, at *9 (M.D. Pa. July 2, 2018).

University faculty who served on dissertation committee, including thesis advisor, were entitled to qualified immunity from former public university doctoral candidate's § 1983 claims for violations of candidate's right to free speech and due

process under the First and Fourteenth Amendments, where faculty, as employees of public university, were public official for § 1983 purposes, and neither university nor faculty violated candidate's constitutional rights during candidate's unsuccessful attempts to defend thesis and in dismissing candidate from doctoral program. Fraser v. Pennsylvania State Univ., 681 F. Supp. 3d 386 (M.D. Pa. 2023)

Federal and state officials are immune from lawsuits pertaining to official conduct unless a plaintiff pleads facts showing the officials violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct. The Supreme Court explains that a government official's conduct "violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Such "clearly established rights are derived either from binding Supreme Court and Third Circuit precedent or from a robust consensus of cases of persuasive authority in the Courts of Appeals." And "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Fraser v. Pennsylvania State Univ., 681 F. Supp. 3d 386, 409 (M.D. Pa. 2023).

In *Bradley v West Chester University*, the Third Circuit ruled the defendants were entitled to qualified immunity because the law was not clearly established at the

time of the unconstitutional conduct.  <u>Bradley v. W. Chester Univ. of Pennsylvania State Sys. of Higher Educ.</u>, 226 F. Supp. 3d 435, 450 (E.D. Pa. 2017), <u>aff'd but criticized,</u> 880 F.3d 643 (3d Cir. 2018). A government employer in Mixner's position could have reasonably concluded that Plaintiff's speech, being as it was on the subject matter of her position and made within the workplace at meetings which she was required to attend, was not protected under the First Amendment. *Id*. We note that even though we earlier found that Plaintiff spoke as a citizen, the test on qualified immunity is distinct and goes to the understanding of a reasonable person in Defendant's position at the time of his conduct. *Id*. It demands the conclusion that to decide not to reappoint Plaintiff was not a "clearly established" violation of Plaintiff's First Amendment rights. *Id*.

University faculty who served on dissertation committee, including thesis advisor, were entitled to qualified immunity from former public university doctoral candidate's § 1983 claims for violations of candidate's right to free speech and due process under the First and Fourteenth Amendments, where faculty, as employees of public university, were public official for § 1983 purposes, and neither university nor faculty violated candidate's constitutional rights during candidate's unsuccessful attempts to defend thesis and in dismissing candidate from doctoral program. *Fraser v. Pennsylvania State Univ.,* 681 F. Supp. 3d 386 (M.D. Pa. 2023). Federal and state officials are immune from lawsuits pertaining to official

conduct unless a plaintiff pleads facts showing the officials violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct. *Id*. The Supreme Court explains that a government official's conduct "violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*.  Such "clearly established rights are derived either from binding Supreme Court and Third Circuit precedent or from a robust consensus of cases of persuasive authority in the Courts of Appeals." *Id*. And "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Fraser v. Pennsylvania State Univ., 681 F. Supp. 3d 386, 409 (M.D. Pa. 2023).

Here, Dr. Krause made the decision to terminate Plaintiff based on violation of confidentiality—that decision was based on Bloomsburg University Policy 4789 and the findings of the Ballard Spahr investigative findings. Federal and state officials are immune from lawsuits pertaining to official conduct unless a plaintiff pleads facts showing the officials violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct. Here, Plaintiff has failed to plea any facts that Dr. Krause had any reason to believe that Bloomsburg University Policy 4789 is unconstitutional. In fact, Plaintiff does not argue

constitutionality of the policy until 6 years into litigation— it is not clearly established that it was obviously unconstitutional back in 2017 and 2018 when it was followed. As a result, Defendants are entitled to qualified immunity pertaining to Bloomsburg University Policy 4789.

### III.    Conclusion

For the above-described reasons, Plaintiff's Motion should be denied in its entirety.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

**By:**    *s/ Christine C. Einerson*
                **CHRISTINE C. EINERSON**
**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID 326729**
**Harrisburg, PA 17120**
**Phone: (717) 587-1803**          **Counsel for Defendants**

**ceinerson@attorneygeneral.gov**

**Date:  August 18, 2024**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY KRUG,** | : | |
| **Plaintiff** | : | |
| | : | **No. 4:18-CV-1669** |
| **v.** | : | |
| | : | **Judge Wilson** |
| **BLOOMSBURG UNIVERSITY,** | : | |
| **PENNSYLVANIA STATE** | : | **Electronically Filed Document** |
| **SYSTEM OF HIGHER** | : | |
| **EDUCATION, BASHAR HANNA** | : | *Complaint Filed 08/22/18* |
| *and* **JAMES KRAUSE,** | : | |
| | : | |
| **Defendants** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Christine C. Einerson, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on August 18, 2024,

I caused to be served a true and correct copy of the foregoing document titled

Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to the

following:

## <u>VIA ELECTRONIC FILING</u>

**Barry H. Dyller, Esquire**
**Dyller & Solomon, LLC**
**88 North Franklin Street**
**Gettysburg House**
**Wilkes Barre, PA  18701**
<u>**barry.dyller@dyllerlawfirm.com**</u>
*Counsel for Plaintiff*

**Patrick T. O'Connell, Esquire**
**Law Office**
**24 West Main Street**
**Bloomsburg, PA  17815**
<u>**pat@oconnell-law.com**</u>
*Counsel for Plaintiff*

*s/ Christine C. Einerson*
**CHRISTINE C. EINERSON**
Deputy Attorney General